UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIHOA T. NGUYEN,<br><br>                  Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>                  Defendant. | Case No.: 16-cv-1535-JAH-AGS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF TIMELINESS** |

## **INTRODUCTION**

Aihoa Nguyen ("Plaintiff"), filed this action seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("Defendant") denying Plaintiff's claim for Supplemental Security Income disability benefits pursuant to 42 U.S.C. 405(g). Pending before the Court is Defendant's Motion to Dismiss, wherein Defendant argues Plaintiff failed to timely file her complaint pursuant to 42 U.S.C. § 405(g). [Doc. No. 11–1]. The parties submitted affidavits and exhibits in connection with their briefing on this Motion. Accordingly, on March 13, 2018, the Court notified the parties that it would consider the evidence outside the pleadings and would convert Defendant's Motion to Dismiss to a Motion for Summary Judgment. [Doc. No. 18]. The

parties were given time to file supplemental briefing, however, no additional evidence was received from the parties.

# BACKGROUND

## I. Procedural Background

On November 26, 2012 Plaintiff filed an application for Supplemental Security Income (SSI). See Doc. No. 14–1, ¶ 1. Plaintiff's claim was initially denied, and a hearing before an administrative law judge ("ALJ") was held on November 7, 2014. Id. On February 10, 2015, the ALJ issued a decision finding Plaintiff was not disabled. Id. Plaintiff's request for Appeal Council review was denied, and Plaintiff commenced the present action pursuant to 42 U.S.C. § 405(g). Id. Plaintiff filed the instant complaint on June 18, 2016. [Doc. No. 1]. On October 11, 2016, Defendant filed the operative Motion to Dismiss for Lack of Jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). [Doc. No. 11]. Thereafter, Plaintiff filed an opposition and Defendant filed a reply. [Doc. Nos. 14, 15]. As stated above, on March 13, 2018, this Court converted Defendant's Motion to Dismiss to a Motion for Summary Judgment on the issue of timeliness and provided parties an opportunity to supplement the record. See Doc. No. 18.

## II. Relevant Factual Background

On February 10, 2015, the ALJ issued a decision denying Plaintiff's claim for Social Security Benefits. See Doc. No. 14–1, ¶ 1. Plaintiff subsequently filed a request to the Appeals Council of the Social Security Administration for review of that decision. See Doc. No. 14–1, ¶ 1; Doc. No. 11–2, ¶ 3(a). As late as April 8, 2016, Plaintiff sent supplemental documentation to the Appeals Council in support of her request. See Doc. No. 14–1, ¶ 1. The Appeals Council issued a decision ("Appeals Council Notice") dated April 12, 2016 denying Plaintiff's request for review and providing information about how Plaintiff could seek judicial review. See Doc. No. 11–2, pgs. 18–20. The Appeals Council Notice included the following information:

> **Time to file a Civil Action**
> - You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

Id. at 19.

Plaintiff submitted a declaration wherein she concedes the Appeals Council Notice was dated April 12, 2016, however, Plaintiff claims that she didn't receive the Appeals Council Notice until on or about April 30, 2016. See Doc. No. 14–1, ¶ 1. In support of her contention, Plaintiff submitted the envelope the Appeals Council Notice was mailed in, which displays a postmark date of April 26, 2016. Id. at pg. 14 (Exhibit 3). Defendant provided a declaration from Nancy Chung, the Chief of Court Case Preparation and Review for the Social Security Administration. See Doc. No. 11–2, pgs. 2–4. Ms. Chung declared that "[o]n April 12, 2016, the Appeals Council sent, by mail addressed to Plaintiff . . . notice of its action . . . and of the right to commence a civil action within sixty (60) days from the date of receipt." Id. at ¶ 3(a). Plaintiff filed this action seeking judicial review of the Appeals Council's decision on June 18, 2016. [Doc. No. 1].

**DISCUSSION**

I. **Defendant's Motion for Summary Judgment**

   a. **Legal Standard**

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, and the court must view the evidence in the light most favorable to the non-movant. Id. at 255 (citation omitted).

Should the party moving for summary judgment meet its initial burden, the party seeking to defeat summary judgment "may not rely on the mere allegations in the pleadings

3

16-cv-1535-JAH-AGS

in order to preclude summary judgment, instead, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (internal citations omitted); Fed.R.Civ.P. 56(e). "In other words, there must exist more than 'a scintilla of evidence' to support the non-moving party's claims, conclusory assertions will not suffice." Robinson v. Berryhill, No. 17-CV-00126-DMR, 2017 WL 3284608, at *2 (N.D. Cal. Aug. 1, 2017) (citing Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). When ruling on a motion for summary judgment the court should not make credibility determinations, weigh the evidence, or draw legitimate inferences from the facts as those are functions of the jury. Anderson, 477 U.S. 242, 255.

### b. Analysis

42 U.S.C. § 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C.A. § 405(g). "Mailing" is construed as the date of receipt of the notice, which "shall be presumed to be 5 days after the date of such notice, *unless there is a reasonable showing to the contrary*." Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987) (citing 20 C.F.R. § 422.210) (emphasis added). Should the claimant make a "reasonable showing to the contrary" and thus successfully rebut the statutory presumption, the Commissioner can attempt to prove that claimant "received actual notice more than 60 days prior to filing the complaint in district court." Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir. 1984).

Here, Defendant argues that Plaintiff did not file her complaint within sixty days after she presumptively received the Appeals Council Notice. See Doc. No. 11–1, pg. 5. Defendant contends that Plaintiff was presumed to have received the Appeals Council

Notice on April 16, 2016, which necessitated her to commence a civil action on or before June 16, 2016 in order to be timely. Id. Therefore, Defendant argues, since Plaintiff's complaint was not filed until June 18, 2016 it must be dismissed. Id. The Court agrees that 20 C.F.R. § 422.210(c) entitles the Commissioner to a rebuttable presumption that Plaintiff received the Appeals Council Notice by April 16, 2016, which is five days after the date of its issuance on April 12, 2016.

However, Plaintiff may rebut the presumption that she received the Appeals Council Notice within five days of April 12, 2016 by making "a reasonable showing to the contrary." 20 C.F.R. § 422.210. Plaintiff offers a stamped envelope, which she avers contained the Appeals Council Notice, and is postmarked April 26, 2016. See Doc. No. 14–1, pg. 14. Additionally, Plaintiff submitted a declaration, in which she asserts that she did not receive the Appeals Council Notice until on or about April 30, 2016. Id. at pg. 1, ¶ 2. Plaintiff argues that the postmark date on the envelope is sufficient evidence to rebut the statutory presumption that she received the Appeals Council Notice within five days of April 12, 2016. Id. at pg. 8. The Court agrees, and finds that Plaintiff has made a reasonable showing that she did not receive the Appeals Council Notice within five days of April 12, 2016. Moreover, the evidence offered by Defendant, specifically the declaration of Ms. Chung, does not prove Plaintiff received actual notice more than 60 days prior to filing the complaint in district court.

The evidence presented to the Court shows the Appeals Council Notice was postmarked on April 26, 2016. See Doc. No. 14–1. The Ninth Circuit relies on the presumption that "first class mail sent within the contiguous United States will arrive within three days." Dandino, Inc. v. U.S. Dep't of Transp., 729 F.3d 917, 921 (9th Cir. 2013); 39 C.F.R. § 121, App. A; Mendez v. Knowles, 556 F.3d 757, 765 (9th Cir.2009) ("[T]he Postal Service advises its customers that first-class mail takes one to three days for delivery. . . ."). Based on that presumption, and the postmark date of April 26, 2016, it is reasonable to believe that Plaintiff actually received the Appeals Council Notice on April 30, 2016, as she stated in her declaration. See Doc. No. 14–1, ¶ 2. Using April 30, 2016 as

the actual date of notice, Plaintiff was required to file her complaint in the present action by June 29, 2016, thus making her June 18, 2016 filing timely.

## **CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment on the issue of timeliness is **DENIED.** Defendant shall file and serve an answer, along with a certified copy of Administrative Record, **within 60 days** from the date of this order.

**IT IS SO ORDERED.**

DATED: March 27, 2018

_____
JOHN A. HOUSTON
United States District Judge